*Brassard v. Pallito*, No. 463-8-13 Wncv (Toor, J., Aug. 21, 2014).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
WASHINGTON UNIT
CIVIL DIVISION

OLIVER BRASSARD,
  Plaintiff

  v.                                                   Docket No. 463-8-13 Wncv

ANDREW PALLITO,
  Defendant

RULING ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Inmate Oliver Brassard seeks Rule 75 review of his disciplinary conviction for "making sexual proposals" in violation of the Vermont Department of Corrections' (DOC) disciplinary rules. Brassard argues that there is no evidence that he violated the rule. The DOC argues that "some evidence" of the violation is in the record.

Brassard was found guilty of a major "B" violation for "making sexual proposals." The proscribed conduct is described in Directive 410.01 as follows:

> Making sexual proposals to another person, including, but not limited to: repeated sexual advances, requests for sexual favors, verbal comments, or gestures or actions of a derogatory or offensive sexual nature by one inmate directed toward another inmate or staff person.

The hearing officer explained that "making sexual proposals" is intended to encompass, among other things, "grooming" behaviors. Brassard is convicted for sexually assaulting a male child.

The hearing officer found Brassard in violation for "making some of the statements that it was alleged that you had made and perceived by the individuals as sexual in nature" without further specifying. Transcript at 34. The officer also found Brassard in violation for hugging another inmate while in "med line," described as a "grooming type behavior." Id. "On judicial review of the sufficiency of evidence at a prison disciplinary hearing, the hearing officer's final

determination must be upheld if it is supported by 'some evidence' in the record." <u>Herring v. Gorczyk</u>, 173 Vt. 240, 243 (2001).

The record includes reports from corrections officers as well as Brassard's and another inmate's testimony at the disciplinary hearing. The reports are largely based on statements by confidential informants. The hearing officer disregarded the statements by the confidential informants. *See* e-mail from Sarah Katz to Seth Lipschutz (dated Dec. 17, 2013) (indicating that the hearing officer relied exclusively on Brassard's admissions and not on the confidential informants). He also disregarded the testimony of the other inmate. The hearing officer's guilty finding was based on Brassard's testimony alone.

Brassard admitted to having made a comment about putting a "shaft into a hole." He also made clear that, as was reported, the comment was made in shop while he and others were working on a motorcycle. He was referring to putting "the rear axle shaft into the hole on the wheel." Transcript at 8. He also admitted to greeting a fellow inmate while in "med line," which by all accounts was not sexual in appearance, was mutual, and was merely a greeting.

The hearing officer's general finding of guilt also may have been based on another statement to which Brassard admitted. He explained that a certain inmate who, while not wearing a shirt, on several occasions asked Brassard, "you like this?" Presumably, that was a reference to the other inmate's shirtless torso. Brassard testified that he typically would say, "no, not particularly," but on one occasion he said, "you're pretty well stacked."

The problem with the hearing officer's general finding of guilt is that is based on pure speculation. Saying that a shaft should be put into a hole when in fact there is a nonsexual situation in which a shaft is to be put into a hole may be entirely nonsexual. Two males greeting each other with a hug does not necessarily have any sort of sexual connotation. The comment

about being stacked presumably was a reference to muscular development and, again, does not necessarily have any sexual connotation. The hearing officer's finding relied on his own belief about how others perceived Brassard's comments. Transcript at 35. However, there was no evidence of those perceptions, nor of any basis for concluding that Brassard intended any sexual meaning.

The court understands that the DOC is appropriately concerned with grooming behaviors by sex offenders and that such behaviors may be subtle. In this case, however, the record simply lacks any evidence that Brassard's behaviors were anything but purely innocent. There is no evidence establishing any basis for an inference that either Brassard's statements or the hug had sexual connotations or were some sort of grooming behavior. Nor was there any evidence that Brassard had notice that, in his particular case, those sorts of otherwise innocent statements or actions would be considered "sexual proposals" under the DOC directive at issue.

Order

Brassard's summary judgment motion is granted and the DOC's is denied. Brassard's DR for "making sexual proposals" is vacated. The DOC shall expunge it from his record.

Dated at Montpelier this 21st day of August 2014.

_____
Helen M. Toor
Superior Court Judge